Filed 10/19/22  P. v. Rocha CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C094841 |
| Plaintiff and Respondent, | (Super. Ct. No. F3428A) |
| v. | |
| DANIEL MAURICE LESSIUE ROCHA, | |
| Defendant and Appellant. | |

In 2007, a jury found defendant Daniel Maurice Lessiue Rocha guilty of first degree murder, unlawful possession of a firearm, and offering a bribe to a correctional officer.  The jury found true a street gang allegation, a firearm enhancement, and a prior strike allegation.  In 2019, after we affirmed his direct appeal, defendant petitioned under

Penal Code[1] section 1170.95 (now section 1172.6)[2] for relief due to changes to the felony-murder rule.  The trial court denied the petition.  Defendant appealed and we remanded for further proceedings.  (*People v. Rocha* (Nov. 30, 2020, C090198) [nonpub. opn.].)

Defendant filed a second petition under section 1170.95, and the trial court appointed counsel but found the petition failed to make a prima facie case.  Defendant again appealed.

On appeal, defendant contends, and the People agree, that in denying defendant's petition, the trial court engaged in improper factfinding at the prima facie stage.  We reverse and remand.

## FACTUAL BACKGROUND[3]

One night, defendant and Donald Pinon, members of the Norteños street gang, broke into James McLain's room, and then shot and killed his housemate, David Jessop. (*People v. Rocha, supra,* C057538, C057715.)

At trial, there was evidence defendant was present during the killing of Jessop, and he may have been the shooter.  There was also testimony that he was not the shooter. Prior to deliberations, the jury received multiple instructions regarding murder and the accompanying enhancements.  (*People v. Rocha, supra,* C057538, C057715.)  Pursuant to CALCRIM No. 521, the jury was instructed that defendant was being prosecuted under

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  For purposes of clarity and conformity with the petition, we will refer to the statute as section 1170.95 throughout the opinion.

[3] The facts are taken from our opinion in defendant's direct appeal.  (*People v. Rocha* (Sept. 1, 2009, C057538, C057715) [nonpub. opn.].)

a premeditated murder theory and a felony-murder theory. The jury was further instructed that it did not need to agree on the same theory to find defendant guilty of first degree murder. Under CALCRIM No. 1401, the jury was instructed that in order to find defendant guilty of the criminal street gang enhancement, the People were required to prove that: (1) defendant committed or attempted to commit the crime in association with a criminal street gang; and (2) defendant intended to promote the gang's criminal conduct. Under CALCRIM No. 1402, and in order to find defendant guilty of the gang-related firearm enhancement, the jury was instructed that the People were required to prove: (1) a principal to the crime discharged a firearm during the commission of the murder; (2) the person intended to discharge the firearm; and (3) their act caused Jessop's death.

The jury found defendant guilty of first degree murder (§ 187), unlawful possession of a firearm (§ 12021, subd. (a)(1)), and offering a bribe to a correctional officer (§ 67.5, subd. (b)). The jury also found true a street gang enhancement (§ 186.22, subd. (b)(1)), a firearm enhancement (§ 12022.53, subds. (d) & (e)(1)), and a prior strike allegation (§ 667, subd. (b)). The court sentenced defendant to 75 years to life plus three years, including 25 years to life for murder (doubled for the prior strike), 25 years to life for the street gang and firearm enhancements (the street gang enhancement was stayed), three years concurrent for unlawfully possessing a firearm, and a consecutive three-year term for bribery.

## PROCEDURAL BACKGROUND

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court denied defendant's petition. Defendant appealed and our court reversed and remanded for further proceedings. (*People v. Rocha, supra,* C090198.)

Upon remand, defendant filed a second petition under section 1170.95, subdivision (a). The trial court appointed counsel and held multiple status hearings, and during the course of the hearings, received argument from the parties. In relevant part,

the People conceded during the trial the prosecutor argued two theories of guilt to support defendant's first degree murder conviction: (1) willful, deliberate, and premeditated; and (2) felony murder (which included aiding and abetting). During argument at the final status hearing, defense counsel conceded that due to the jury's true finding for the criminal street gang enhancement, he thought that the jury found defendant was the killer.

In 2021, the trial court, without providing a statement of reasons, concluded that based on the arguments and information in "the file," defendant failed to make a prima facie showing he was entitled to relief and denied his petition. The trial court did not receive briefing from the parties.

## DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing at the prima facie stage as it either erroneously concluded that the jury found him to be the actual killer, or engaged in improper factfinding at the prima facie stage to conclude defendant was the killer. The People agree defendant is not ineligible for resentencing as a matter of law and the matter should be remanded.

*Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend the felony-murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who [wa]s not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also established a procedure for qualified persons to seek retroactive relief based on these changes in the law through a petition with the trial court. (Stats. 2018, ch. 1015, § 4.) The procedure allowed those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the

4

following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.)

*Prima Facie Showing*

Section 1170.95 requires a prima facie determination.  (§ 1170.95, subd. (a).)  Under subdivision (c), the trial court must appoint defendant counsel if requested, receive briefing from the parties, and determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief."  (§ 1170.95, subd. (c).)  At the prima facie stage, and in addition to the petition, courts may "rely on the record of conviction in determining whether that single prima facie showing is made."  (*People v. Lewis* (2021) 11 Cal.5th 952, 970.)  The prima facie showing is very low, so in reviewing the record of conviction, which includes appellate opinions, the trial court should take the petition's allegations as true and refrain from engaging in factfinding, weighing evidence, or exercising discretion.  (*Id.* at pp. 971-972.)  The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis*, at p. 963.)  But, if the record of conviction contains facts refuting defendant's prima facie allegations in the petition and shows defendant was the actual killer, aided and abetted with intent to kill, or was a major

5

participant who acted with reckless indifference to human life, the trial court may deny the petition as a matter of law without further proceedings. (§ 189, subd. (e); *Lewis*, at p. 971.)

If, after accepting the facts in the petition as true, defendant is entitled to relief because he has met the requirements of section 1170.95, subdivision (a), the trial court should issue an order to show cause. (§ 1170.95, subd. (c).)

*Analysis*

Here, the parties agree defendant filed a petition alleging facts sufficient for relief under section 1170.95, subdivision (a).

At defendant's trial, the jury was instructed to find defendant guilty of murder; they did not need to agree on the theory of liability: premeditated murder or felony murder. As a result, the murder conviction does not establish defendant was the actual killer rendering him ineligible for relief. The murder conviction also does not demonstrate defendant aided and abetted with the intent to kill; a finding that would similarly make him ineligible for relief. Therefore, the first degree murder conviction did not preclude defendant relief as a matter of law.

Although defense counsel conceded at the final status hearing that a true finding under section 186.22, subdivision (b)(1) rendered defendant ineligible for relief under section 1170.95, neither of the jury's true findings on the related enhancements required finding a specific intent to kill. (See §§ 186.22, subd. (b)(1), 12022.53, subds. (d) & (e)(1).) The jury's true findings for section 186.22, subdivision (b)(1) and section 12022.53, subdivisions (d) and (e)(1) similarly do not reveal defendant "played a direct role in killing the victim." (*People v. Offley* (2020) 48 Cal.App.5th 588, 600.) Consequently, neither the jury's verdict nor their true findings rendered defendant ineligible for relief as a matter of law.

The jury's findings do not establish as a matter of law whether defendant was the actual killer, acted with intent to kill, or was a major participant acting with reckless

6

indifference to human life. The jury's findings are consistent with defendant being the actual killer, which would refute the petition's allegations and render him ineligible for relief under section 1170.95. They are also consistent with defendant being merely an accomplice to Pinon, who was the actual killer and under this determination, defendant would be entitled to relief. To discern which conclusion is proper requires an evaluation of the facts, which is improper at the prima facie stage. (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Because defendant's petition met the prima facie showing, and nothing in the record of conviction refuted the allegations of the petition, the trial court was required to issue an order to show cause.[4]

## DISPOSITION

The trial court's order denying defendant's petition is reversed and the matter is remanded for further proceedings consistent with the amended provisions of section 1170.95, as now stated in section 1172.6.

/s/
BOULWARE EURIE, J.

We concur:


/s/
ROBIE, Acting P. J.


/s/
HULL, J.

---

[4] Because we remand for further proceedings, we need not reach defendant's additional contention regarding ineffective assistance of counsel.